**SIGNED this 17 day of November, 2023.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **SHANE BREWER AND** | ) | |
| **MELISSA BREWER** | ) | CHAPTER 7 BANKRUPTCY |
| | ) | |
| Debtors. | ) | CASE NO. NO. 22-40530-JTL |
| | ) | |
| | ) | |
| **THE UNITED STATES TRUSTEE,** | ) | |
| | ) | ADVERSARY NO. 23-4001 |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SHANE BREWER AND** | ) | |
| **MELISSA BREWER** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1

# MEMORANDUM OPINION OF FINDINGS OF FACT
# AND CONLUSIONS OF LAW

The above-styled adversary proceeding was tried on November 8, 2023. The United States Trustee, Ms. Mary Ida Townson, represented by Mr. Robert Fenimore, objected to the discharge of the Chapter 7 debtors, Mr. Shane Brewer and Mrs. Melissa Brewer who represented themselves. For the reasons stated below, the Court find that the Trustee did not meet her burden as to §§ 727(a)(2) and (4) but did meet her burden as to §§ 727(a)(3) and (5).

## I.    FACTUAL FINDINGS AND PROCEDURAL POSTURE

The Debtors, Shane and Melissa Brewer, filed this case on November 14, 2022, and verified their petition, schedules, and Statement of Financial Affairs. *In re Shane and Melissa Brewer,* 22-40530, Voluntary Pet., Doc. 1. The Debtors claimed their assets consisted solely of their home, a vehicle, a pontoon boat, some household items, and $25 in a checking and savings account with Kinetic. *Id*. They disclosed no lease on Schedule G. *Id*. The Debtors claimed the husband receives $1,171 monthly in social security and the wife receives $780 monthly in food stamps which is their primary income. *Id*. Mr. Brewer listed that he makes about $250 a month for "Odd Jobs." *Id*. They listed $2,295 in expenses, most of which are living expenses and payments for their vehicle and boat. *Id*. No rent payments were scheduled. *Id*. On their Statement of Financial Affairs, the Debtors stated that Mr. Brewer previously ran a business called "The Gold Man" but ceased operations in 2018 and they did not store property in a storage unit or place other than their home within one year of filing their case. *Id*.

The Debtors attended their § 341(a) meeting on January 12, 2023. *In re Shane and Melissa Brewer,* 22-40530, Meeting Held, Doc. 20. The Chapter 7 Trustee asked the Debtors if they had a storage unit and the Debtors responded in the negative. Pl.'s Ex. 2. Mr. Fife

Whiteside, an attorney for a creditor of Mr. Brewer, asked about Mr. Brewer's odd jobs. *Id*. Mr. Brewer stated he sells other peoples' property for money and makes a "small commission." *Id*.

On April 13, 2023, the United States Trustee filed a complaint initiating this adversary proceeding. Compl. Doc. 1. The Trustee claimed the Debtors should be denied discharge because they had misrepresented their financial position. *Id*. The Trustee sought relief under §§ 727(a)(2), (3), (4), and (5) of the Bankruptcy Code. *Id*. After the trial on November 8, 2023, the Court took the matter under advisement.

II.    LEGAL ANALYSIS

According to Bankruptcy Rule of Federal Procedure Rule 4005, at trial, the Trustee bears the initial burden of proof as to her objections to discharge. The Trustee's burden is to prove, by the preponderance of the evidence, that the elements of §§ 727(a)(2) through (4) are met. As discussed below, the burden of proof shifts to the Debtors after initial evidence is presented as to § 727(a)(5). *In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984).

**A. The Trustee did not meet her burden of proof to deny the Debtors' discharge under 727(a)(2).**

The Trustee first argues that the Debtors concealed their interest in a storage unit and its contents and should be denied discharge under § 727(a)(2). Section 727(a)(2) states that a debtor will be denied a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed" property of the debtor or the estate. The Eleventh Circuit defines concealment under § 727(a)(2) as "to knowingly withhold information about property or to knowingly prevent its discovery." *PRN Real Est. & Investments, Ltd. v. Cole*, No. 22-11118,

3

2023 WL 7204602, at *7 (11th Cir. Nov. 2, 2023). The Court finds that Plaintiff did not carry the burden as to the Debtors' intent.

The Trustee presented evidence that the Debtors had a lease to rent a portion of a warehouse building that they used to store items. The lease had the husband-Debtor's name on it, and they regularly made the rent payments. Pl.'s Exs. 1 and 7. These actions made the Debtors' interest in storage unit and its contents property of the Debtors before filing and the estate during the pendency of their case.[1] The Trustee claimed, therefore, that the failure to disclose their ownership of their lease and the contents therein warranted the denial of their discharge under § 727(a)(2).

The Trustee notes numerous occasions as to which the Debtors, under penalty of perjury, should have disclosed their interest in the storage unit. These included multiple sections of the Debtors' schedules such as Schedules A/B on which the Debtors should have listed the contents of unit as property, Schedule G on which the Debtors should have disclosed the lease for the unit as an unexpired lease, and Schedule J where the Debtors should have listed the monthly rent expense for the unit. *In re Shane and Melissa Brewer,* 22-40530, Voluntary Pet., Doc. 1. On their Statement of Financial Affairs, when asked about whether they stored property "in a storage unit," the Debtors responded no. *Id*. The Trustee also notes that the Debtors were explicitly asked during their § 341(a) meeting whether they had a "safe, lockbox, storage unit, or safe deposit box" to which the Debtors both responded no. Pl.'s Ex. 2. The evidence is clear that the Debtors should have disclosed their interest in the lease and the contents of storage unit, had ample opportunity to do so, and did not.

---

[1] The Debtors rented warehouse space to store items, but the space is not a not a traditional storage unit. The Debtors never contested the Trustee's characterization of the space as a storage unit, therefore, the Court adopts the parties' characterization of the leased property as a storage unit.

The Trustee, however, did not meet his burden as to the Debtors' intent to "hinder, delay, or defraud" creditors or the Trustees. The Trustee was required to prove, by a preponderance of the evidence, that the Debtors had actual intent to injure their creditors. Evidence of specific intent to harm creditors is required. 6 Collier on Bankruptcy ¶ 727.02 (16th 2023). The Eleventh Circuit, while having addressed § 727(a)(2) previously, has not outlined what courts should look to when a debtor is accused of the fraudulent intent to conceal, instead focusing on whether the trial court clearly erred in its findings. *PRN Real Est. & Investments, Ltd. v. Cole*, No. 22-11118, 2023 WL 7204602, at *9–10 (11th Cir. Nov. 2, 2023); *In re Leto*, 315 Fed. Appx. 800, 802 (11th Cir. 2009) (unpublished). The Circuit has stated about fraudulent intent in § 727(a)(2) generally that "since it is unlikely that a debtor will admit that he intended to hinder, delay, or defraud his creditors, the debtor's intent may be established by circumstantial evidence or inferred from the debtor's course of conduct." *In re Jennings*, 533 F.3d 1333, 1339 (11th Cir. 2008).[2] The Third Circuit expounded on using circumstantial evidence to determine intent in § 727(a)(2), saying:

> In many and perhaps most cases, the circumstances surrounding the concealment and the very fact that the debtor has created and retained a secret interest will be sufficient to hold as a matter of law that the debtor's intent in continuing the concealment was to hinder creditors. In other cases, however, concealment may be unaccompanied by an intent to hinder creditors because, for example, the debtor is unaware that he is concealing an interest that might be subject to seizure by his creditors.

*Rosen v. Bezner*, 996 F.2d 1527, 1533 (3d Cir. 1993).

The Trustee relied on the circumstances of the Debtors' omissions that they had paid rent for the storage unit shortly before filing their petition and again shortly before their meeting of creditors. Pl's Ex. 1. The Debtors claimed they were unaware they needed to schedule their interest in the storage unit because they had an agreement with the husband-Debtor's mother that

---

[2] The Court has addressed the elements of "actual intent to defraud creditors" in *In re Jennings*, but the factors and analysis only address intent when a debtor defrauds creditors via transfer, not concealment. 533 F.3d at 1339.

5

the contents of the storage unit belonged to her. Pl.'s Ex. 15; Hr'g. Held, Doc. 30. They noted they amended their schedules to include the lease shortly after the adversary proceeding was filed. *Id*. The Trustee did not present any evidence to demonstrate a desire to cause specific intent to harm creditors by their concealment. The Court finds that, while the Debtors' failed to adequately disclose the storage unit, the Trustee did not meet her burden to prove that the Debtors did so with the requisite intent as to deny discharge under § 727(a)(2).

**B. The Trustee did meet her burden of proof to deny the Debtors' discharge under 727(a)(3).**

The Trustee then argues the Debtors should be denied discharge under § 727(a)(3) because they failed to keep records for their business transactions. Section 727(a)(3) states that a debtor can be denied discharge if he or she "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

The Debtors admitted they did not keep any business records. Pl.'s Ex. 17 at BRE000171-173. The Debtors claim Mr. Brewer sells other peoples' property for commission. Def.'s Answer, Doc. 7. During the trial, Mr. Brewer stated sometimes he receives a 10% commission but, other times, receives no commission. Hr'g Held, Doc. 30. The Debtors repeatedly acknowledged they never kept a record of inventory or accounting of what was sold and what money was received and paid for the sold merchandise. Pl.'s Ex. 16 at BRE000163; Pl.'s Ex. 17 at BRE000171-173. It is clear the Debtors failed to keep the records described in § 727(a)(3), therefore, the Court must determine whether this failure was "justified under all the circumstances of the case."

This Court has stated previously that the relevant inquiry as to determine whether the failure to keep records was justified includes the education, experience, and sophistication of the debtor and the sophistication of the debtor's business. *In re Breedlove*, 545 B.R. 359, 374 (Bankr. M.D. Ga. 2016). Based on those factors, the Court must decide whether the Debtors acted as "normal, reasonable [people]…under similar circumstances." *Id*. (citing *Milam v. Wilson* (*In re Wilson*), 33 B.R. 689, 692 (Bankr.M.D.Ga.1983)). The Court concludes they did not.

The husband-Debtor attended high school through ninth grade and part of tenth and later received his GED; the wife-Debtor attended high school through the eleventh grade. Pl.'s Ex. 17 at BRE000171. The Debtors, however, have been engaged in business enterprises for years. On their schedules, the Debtors list that they had a business named "The Gold Man" from 2015 through 2018. *In re Shane and Melissa Brewer,* 22-40530, Voluntary Pet., Doc. 1. Mr. Brewer also applied for and may have received a Paycheck Protection Program Loan in 2021 for what he listed as a "sole proprietorship" which was "existing or more than two years old." Pl.'s Ex. 4. Furthermore, the Debtor applied for and received multiple business licenses for "TGM" in Russell County between for the license years of 2021 through 2023. Pl.'s Ex. 27. The Debtors claim these licenses were applied for only so the Debtors could continue to access the storage unit that was in a business district. Hr'g Held, Doc. 30. Mr. Brewer had applied for another business license in 2018 for "Gold Man's Appliance Sales and Service," a business he says he did not continue. Pl.'s Ex. 27; Hr'g Held, Doc. 30. Mr. Brewer averred that he had some payment and commission structure which was likewise evidenced by the many different payment platforms the Debtors had access to. Pl.'s Ex. 17 at BRE000171; Pl.'s Ex. 22. The Debtors also had entered a lease for the storage unit. Pl's Ex. 7.

The Debtors clearly had some sophistication in this line of business to have applied for a loan and numerous licenses, opened multiple payment accounts, and entered into a lease agreement. Additionally, the Debtors needed to have had some concept of the payments in and out for certain merchandise to calculate the commissions owed to them for their sales. The Court finds it unreasonable that to run these businesses the Debtors would have no records of any inventory, transactions, or commissions paid to the Debtors or kept by them from the proceeds of a sale. Thus, the Court denies the Debtors' discharge under § 727(a)(3).

### C. The Trustee did not meet her burden of proof to deny the Debtors' discharge under 727(a)(4).

The Trustee also argues that the Debtors failed to disclose significant financial information and should be denied discharge under § 727(a)(4). The schedules list that the Debtors have one checking and savings account with Kinetic. *In re Shane and Melissa Brewer*, 22-40530, Voluntary Pet., Doc. 1. The Trustee presented evidence at trial that the Debtors had an additional checking and savings account with Kinetic as well as active accounts on payment platforms including Venmo, PayPal, and Cash App. Pl.'s Exs. 20, 21, and 22. The second Kinetic checking account under Mrs. Brewer's name has deposits between December 2022 and August 2023 of over $77,000. Pl.'s Ex. 26.

Section 727(a)(4)(a) states a debtor should be denied discharge if "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." Deliberate and material omissions are sufficient to deny discharge under § 727(a)(4). *In re Chalik*, 748 F.2d at 618. Much like § 727(a)(2), the debtor making the omission must have the requisite intent to defraud. Under Federal Rule of Bankruptcy Procedure Rule 4005, the Plaintiff has the burden to

prove this element and she failed to meet that burden. 6 Collier on Bankruptcy ¶ 727.04 (16th 2023).

The Debtors claimed, in broader terms, that the money was held in trust because they sold other people's goods and may or may not have received a commission, and, therefore, because the money was not theirs, the omission was innocuous. Hr'g Held, Doc. 30. The Eleventh Circuit has stated that even omissions that are "worthless" to the estate are significant as to deny discharge under § 727(a)(4). The Debtors also claimed their omissions were justified and their claims were not false. In their Answer, the Debtors state they answered all the questions truthfully and explained they did not believe the storage unit belong to them, but instead belong to the husband-Debtor's mother. Def.'s Answer, Doc. 7. The Debtors stated that the disclosure of their PayPal account "did not even cross [their] mind" and they amended their schedules to list the storage unit shortly after this adversary proceeding was initiated. *Id*. Courts have found that inadvertent omissions and amendments to schedules can redeem a debtor from otherwise being denied a discharge under § 727(a)(4). *See e.g., In re Sullivan,* 492 B.R. 348, 352 (Bankr. M.D. Ga. 2013). When given the opportunity to cross-examine the Debtors to specifically test the veracity of the Debtors' answers to these questions, the Trustee did not. The Court is not asked to judge whether the Debtors' omissions are suspicious, just whether the Trustee carried her burden to demonstrate that the Debtors knowingly and fraudulently lied by omission about their assets. The Court finds that she did not.

**D. The Trustee did meet her burden of proof to deny the Debtors' discharge under 727(a)(5).**

Finally, the Trustee argues that the Debtors' fails to explain any loss of assets or deficiency of assets to meet liabilities and they should be denied a discharge under § 727(a)(5). This Court agrees.

Section 727(a)(5) states, a discharge may be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." The initial burden is on the objector, in this case the Plaintiff, to present evidence of their objection, but "once the objector has introduced some evidence of the disappearance of substantial assets or of unusual transactions, the debtor must satisfactorily explain what happened." 6 Collier on Bankruptcy ¶ 727.08 (16th 2023).

The Trustee presented, without objection from the Debtors, an accounting of monies in and out of their Kinetic accounts, Venmo, and PayPal. Pl. Ex. 26. Over $140,000 was deposited in their various accounts between July 2022 and August 2023, and almost the entire amount was withdrawn. *Id*. As previously mentioned, the Debtors made an argument that the money was essentially held in trust because the sold items did not belong to them, and they only made small commissions from the sales. Hr'g Held, Doc. 30. Without any records, however, the Court cannot find that explanation satisfactory. The Court only has the accounting of thousands of dollars entering and leaving accounts with no explanation. Therefore, the Court must deny the Debtors' discharge under § 727(a)(5).

10

### III. CONCLUSION

The Court find that the Trustee failed to carry her burden of proof as to §§ 727(a)(2) and (4). The Court find that the Trustee carried her burden of proof as to §§ 727(a)(3) and (5). The Debtors' discharge is, therefore, denied. The Court will enter an order accordingly.

END OF DOCUMENT

11